IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| THORA BETHE GABRIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-03341-CV-S-MDH-SSA |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Thora Bethe Gabriel's appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the Administrative Law Judge's decision regarding Plaintiff's physical RFC was not supported by substantial evidence. It is **ORDERED** that the instant case be reversed and remanded for proceedings consistent with this order.

## BACKGROUND

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income ("SSI") based primarily on colitis, diverticulitis, vertigo, lower back arthritis, migraines, high blood pressure, bronchitis, high cholesterol, and anxiety. An administrative law judge ("ALJ") considered Plaintiff's disability claims and concluded that her allegations of disabling symptoms were not supported by the medical opinions, Plaintiff's medical treatment, and the clinical findings. The ALJ found the opinion of Dr. Gray partially persuasive, and the opinions of

Drs. Cylus and Hardy not persuasive. The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with postural and environmental limitations.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a

2

Case 6:20-cv-03341-MDH   Document 24   Filed 06/09/22   Page 2 of 10

deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The specific issues in this case are whether the ALJ properly evaluated Plaintiff's mental impairments, assessed Plaintiff's RFC, evaluated the medical opinions, and found that she could perform her past relevant work. For the reasons set forth below, the Court finds that the ALJ properly evaluated Plaintiff's mental impairments. However, the ALJ violated SSR 96-8p by failing to properly consider the medical record in discounting Dr. Hardy's medical opinion.

**A. The ALJ properly evaluated Plaintiff's mental impairments**

Plaintiff argues that the ALJ erred by failing to find Plaintiff's mental impairments to be severe. The Commissioner uses a five-step evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4). Step two of the evaluation states that a claimant is not disabled if his impairments are not "severe." § 404.1520(a)(4)(ii); 20 C.F.R. § 416.920(a)(4)(ii). An impairment is not severe if it "amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir.2007). The Eighth Circuit considers this a "*de minimus*" standard, and "not an onerous requirement" for a claimant to meet. *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir.1989); *Kirby*, 500 F.3d at 708. While a claimant has the burden of establishing her impairment or combination of impairments is severe, the burden is "not great." *Ledbetter v.*

3

Case 6:20-cv-03341-MDH   Document 24   Filed 06/09/22   Page 3 of 10

*Saul*, 2021 WL 2366097, at *2 (W.D. Mo. June 9, 2021) (*citing Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001)). Any doubt as to whether the requisite showing of severity has been made at step two should be resolved in favor of the claimant. *Id.*

A severe impairment is an impairment, or combination of impairments, that significantly limits a claimant's mental ability to perform basic work activities without regard to age, education, or work experience. See 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities encompass the abilities and aptitudes necessary to perform most jobs. The activities include understanding, performing, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work situation. See 20 C.F.R. §§ 404.1521(b), 416.921(b).

The regulations explain that when the Commissioner finds that a claimant has none or mild limitations in the Paragraph B criteria—that is, in their understanding, remembering, and applying information; in interacting with others; in concentrating, persisting, and maintaining pace; and in adapting or managing oneself then—generally, the Commissioner will find the mental impairment not severe. See 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). Because the ALJ properly found that Plaintiff did not have more than "mild" limitations, the ALJ properly concluded that the mental impairments were not severe under the regulations (Tr. 15-17).

The ALJ found that Plaintiff had mild limitations in understanding, remembering, and applying information; interacting with others; and concentrating, persisting, and maintaining pace; and no limitations in adapting or managing oneself (Tr. 15-17). In making this finding, the ALJ properly considered Plaintiff's conservative treatment, the medical evidence, and the medical opinions (Tr. 15-17).

4

Case 6:20-cv-03341-MDH   Document 24   Filed 06/09/22   Page 4 of 10

Inconsistent with a severe mental impairment, Plaintiff relied on conservative treatment (Tr. 15). See Pl.'s Br. at 10. Plaintiff did not require inpatient treatment and instead relied on medication management and brief counseling (Tr. 15). In August 2018, a year after Plaintiff's amended alleged onset date, Plaintiff began therapy (Tr. 374, 379). Plaintiff's therapist left in January 2019 and she was supposed to start therapy with a new therapist, but she never did (Tr. 79, 370-71). Plaintiff first saw Shahid Kaous, M.D., a psychiatrist, in December 2018 (Tr. 373). Dr. Kaous adjusted Plaintiff's medication and, by March 2019, four months after starting treatment with the psychiatrist, Plaintiff admitted that her mood was mostly stable and her anxiety was manageable (Tr. 15, 365). At that time, Dr. Kaous continued Plaintiff's medication and she never returned to the doctor again (Tr. 366). To dispute the ALJ's finding, Plaintiff cites to medical records prior to this improvement with medication. See Pl.'s Br. at 11. She also cites to a consultative evaluation at which she predicted that her impairments would worsen (Tr. 739). See Pl.'s Br. at 11. However, the ALJ is not required to find an impairment severe because the claimant states that her condition will be worse in the future. The ALJ properly considered Plaintiff's minimal mental health treatment and her improvement once her medication was adjusted by the specialist (Tr. 15).

The clinical findings also did not support Plaintiff's allegations (Tr. 16-17). See *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (inconsistent with a claimant's allegations of disability, the claimant appeared alert and oriented with normal speech and thought processes); see Pl.'s Br. at 9-10. Inconsistent with social limitations, Plaintiff was pleasant and cooperative with an open attitude (Tr. 375, 739, 743). She had appropriate grooming and hygiene (Tr. 375, 366, 739, 745). She had normal speech, appropriate eye contact, and normal behavior (Tr. 279 284, 291, 321, 350, 366, 369, 375, 383-84, 496, 647, 705, 739). Plaintiff appeared alert and

5

Case 6:20-cv-03341-MDH   Document 24   Filed 06/09/22   Page 5 of 10

oriented (Tr. 278, 284, 291, 321, 350, 366, 369, 375, 382-83, 496, 647, 705, 739, 744). She demonstrated normal mood and affect (Tr. 278, 284, 291, 321, 350, 496, 647, 705). She retained normal attention, concentration, and memory and intact thought content, judgment, and insight (Tr. 278, 284, 291, 321, 350, 366, 369, 375, 382-83, 496, 647, 705, 739). Plaintiff had no problems with her thought process (Tr. 366, 369, 375, 384, 739, 745).

The 8th Circuit has found that step two is not a "toothless standard." See Kirby v. Astrue, 500 F.3d 705, 708 (8th Cir. 2007) ("Severity is not an onerous requirement for the claimant to meet, see Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing"). The Court finds that the ALJ properly considered and evaluated the record in concluding that Plaintiff's mental impairments were not severe.

### B. The ALJ erred by failing to appropriately evaluate evidence in the record regarding Plaintiff's physical RFC

As part of the process of assessing whether an individual is disabled, the ALJ must create a residual functional capacity ("RFC") for the individual seeking benefits. An RFC is the measure of the most an individual can still do despite their impairments. 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.1545(a)(1). When assessing a claimant's residual functional capacity, the ALJ must base the assessment on all the relevant evidence, including medical records, observations of physicians, and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001). And while the ALJ is not limited to considering only medical evidence in assessing the RFC, "some medical evidence 'must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace.'" *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (quoting *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)).

Further, Social Security Ruling 96-8p requires that the ALJ include in the decision "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." 1996 WL 374184, *7. The ruling also requires that the ALJ explain how any inconsistencies in the medical evidence were considered and resolved. *Id*.

Here, the ALJ adopted an RFC that assessed Plaintiff at a light exertional level, with the ability to frequently lift and carry up to 10 pounds, walk or stand for a total of six hours per workday, and sit for a total of 6 hours per workday. (Tr. at 19). Plaintiff argues this determination was not supported by substantial evidence.

In particular, the consultative examiner, Kade Hardy, D.O., observed objective medical findings inconsistent with the ALJ's RFC. (Tr. at 743-46). Dr. Hardy noted Plaintiff had mild limited range of motion in lumbar flexion, and a positive straight leg test with limited range of motion with flexion of the right hip. Dr. Hardy did note that Plaintiff was able to get on and off the exam table "without much difficulty"—as noted by the ALJ—however, he also noted that Plaintiff became "somewhat uncomfortable when going from a sitting to a standing position." (Tr. at 745). Dr. Hardy noted palpable tightness and spasming, specifically on the paravertebral musculature of her lumbar region. (Tr. at 745). The exam also noted that Plaintiff was unable to squat, and that Dr. Hardy felt that Plaintiff had given adequate effort during the examination. (Tr. at 745). Dr. Hardy concluded that Plaintiff's ability to perform and sustain work-related functions such as sitting, standing, walking, lifting, carrying, and handling objects will be significantly limited secondary to all of her co-morbidities and chronic pain. (Tr. at 746). Accordingly, he assessed that Plaintiff could occasionally lift or carry up to 10 pounds (Tr. at 750); could sit, stand, or walk for up to two hours per day, but could only sit, stand, or walk for 30 minutes at one time

(Tr. at 751); had some manipulative restrictions (Tr. at 752); could never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl, but could occasionally climb stairs and ramps (Tr. at 753); and would have several environmental limitations. (Tr. at 754).

The ALJ found Dr. Hardy's medical opinion unpersuasive. (Tr. at 21-22). The ALJ based this conclusion on the finding that Dr. Hardy's examination report was inconsistent with (1) Dr. Hardy's own examination findings, and (2) with the record as a whole. (Tr. at 21). Regarding the first point, while the ALJ discussed Dr. Hardy's opinion, the ALJ failed to support the finding that Dr. Hardy's examination findings do not support his opinion. For example, the ALJ noted Dr. Hardy's observation that Plaintiff was seen ambulating about the examination room and exhibited no significant gait abnormality. (Tr. at 21-22). This observation, however, is not inconsistent with Dr. Hardy's opinion that Plaintiff could walk for up to thirty minutes at a time, as walking across a doctor's office is less demanding than walking for thirty minutes. (Tr. at 751). *See McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982) (The RFC that must be found… is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world).

The ALJ also noted that Plaintiff exhibited "functional range of motion bilaterally in her upper and lower extremities with no clubbing or edema present." (Tr. at 22). The ALJ again failed to explain how this finding was inconsistent with Dr. Hardy's opinion that Plaintiff could sit, stand, or walk for up to two hours per day. As explained by the opinion, Plaintiff is limited in her ability to maintain positions for long periods of time due to her chronic back pain, and symptoms of tightness, tenderness, spasming, and radiating pain down her right leg and buttock. (Tr. at 745). None of the ALJ's observations were inconsistent with these findings.

8

Case 6:20-cv-03341-MDH   Document 24   Filed 06/09/22   Page 8 of 10

As for the ALJ's other basis for dismissing Dr. Hardy's opinion, the ALJ concluded that Dr. Hardy's opinion was contradicted by the record. (Tr. at 21). As support, the ALJ again pointed to observations of other providers which noted Plaintiff's ability to ambulate with normal gait and station. (Tr. at 22). As discussed before, this observation does not conflict with Dr. Hardy's opinion. The ALJ also noted that Plaintiff's treatment for her back pain had been conservative, but ignored records indicating that the prescribed conservative course of treatment had not been effective. (Tr. at 22, 491). Finally, the ALJ found Dr. Hardy's opinion inconsistent with Dr. Gray's October 2019 assessment which noted that Plaintiff "spends her days reading, gardening, and doing other tasks around the home." (Tr. at 22). The ALJ failed to explain how these tasks were inconsistent with Dr. Hardy's opinion. Without more detail regarding these activities, it is impossible to conclude that these activities were inconsistent with Dr. Hardy's opinion. *See Reed v. Barnhart*, 399 F.3d 917, 923 (8th Cir. 2005) ("this court has repeatedly observed that the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work.") (quotation omitted).

Defendant argues that the medical opinion of State agency consultant, Dr. Cylus, "provided support for the ALJ's finding." (Def. Br. 12, 14). Yet Defendant also conceded that the ALJ did not find this opinion persuasive. (Def. Br. 12). After finding all medical opinions regarding Plaintiff's physical functioning unpersuasive, dismissing Plaintiff's testimony, and failing to properly consider the objective medical evidence, the ALJ concluded that Plaintiff could perform light work. While an ALJ is not required to rely on any particular opinion or medical record, he or she must support the RFC with substantial evidence. The Court finds that remand is required for the ALJ to appropriately evaluate the evidence in the record regarding Plaintiff's physical impairments.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the above-captioned case be remanded for a new administrative hearing, and the Commissioner's determination denying Plaintiff's application for disability insurance benefits is reversed.

**IT IS SO ORDERED.**

Dated: June 9, 2022
                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **United States District Judge**