UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THORA BETHE GABRIEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 20-03341-CV-S-MDH-SSA |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Commissioner, Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b). Plaintiff seeks an order from this Court awarding Plaintiff's counsel $9,609.13 in attorney's fees. Defendant has filed a response indicating she neither supports nor opposes the amount sought. Under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), this Court is tasked with performing an independent review to determine whether such an award is reasonable. *Id.* at 808.

First, a lawful contingent fee arrangement exists between Plaintiff and her attorney. That contractual arrangement includes a recognition by Plaintiff that her attorney is entitled to twenty-five percent of past-due benefits, an amount allowed by § 406(b), but beyond the $9,609.13 actually sought. Second, there is no indication that Plaintiff's attorney was responsible for any delay that may have increased the amount of past-due benefits, thereby increasing the attorney fees available under Section 406(b). Third, there exists an inherent risk in social security practice that an attorney will not be paid. Civil actions for Social Security Insurance and Disability Benefits bear a significant risk of loss. "Thus, when a lawyer wins having proceeded on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate." *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008). Finally, the Commissioner has no objection to an award

1

of attorney fees under Section 406(b) in the amount of $9,609.13. The Commissioner is in a position to understand the time and skill necessary to litigate these matters. When the Commissioner has no objection to the award of fees, the Court weighs that strongly in favor of awarding fees.

Thus, the Court finds that an award of $9,609.13 for attorney fees is reasonable in the instant matter and Plaintiff's Motion for Attorney Fees Under § 406(b) is **GRANTED**. This amount is to be paid out of Plaintiff's past-due benefits in accord with Social Security Administration policy. It is **FURTHR ORDERED** that Plaintiff's counsel is to refund $4,939.10, previously awarded under the EAJA, to Plaintiff.[1]

**IT IS SO ORDERED.**

Dated: November 2, 2023

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**

---

[1] The Government contends that Plaintiff has ostensibly asked this Court for a netted 406(b) award, calculated as the difference between the total amount requested, $9,609.13, and the prior EAJA award of $4,939.10. This Court disagrees with the Government's interpretation of Plaintiff's request, instead understanding Plaintiff to request $9,609.13, from which Plaintiff's attorney will reimburse Defendant $4,939.10. Regardless, to the extent Plaintiff has requested a netted 406(b) amount, this does not appear plainly consistent with Social Security Administration policy or the Supreme Court precedent in *Gisbrecht*, which specifically references payment by a plaintiff's attorney to the commissioner. *Gisbrecht* at 796. Accordingly, Plaintiff's counsel is awarded the full amount requested, $9,609.13, from which Plaintiff's counsel must reimburse Defendant $4,939.10, the amount of the prior EAJA award.